IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KARL MARKOWICZ, | : | ELECTRONICALLY FILED |
| Plaintiff | : | |
| | : | CASE NO. 4:11-CV-00439 |
| vs. | : | |
| | : | |
| SWEPI LP, as Successor-in-Interest | : | |
| to EAST RESOURCES, INC.; | : | Judge Mariani |
| ULTRA RESOURCES, INC., | : | |
| Defendants | : | |

## CONCISE STATEMENT OF MATERIAL FACTS IN RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

AND NOW, come the defendants SWEPI LP ("SWEPI") and Ultra Resources, Inc., by and through their attorneys, McCormick Law Firm, and files this concise statement of material facts in response to plaintiff's motion for summary judgment, in accordance with plaintiff's consecutively-numbered paragraphs within his concise statement of material facts, and in support thereof avers as follows:

1.  Admitted. Defendant incorporates by reference its statement of material facts not in dispute filed in support of its motion for summary judgment on July 31, 2012.

2.  Admitted.

3.  Admitted.

4.  Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Denied. Mrs. Markowicz receives mail for Karl E. Markowicz, because she handles his financial affairs. (See Appendix "H" to defendant's motion for summary judgment, at 34 – 36).

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. The averments of paragraph 19 reference a document in writing, the terms of which speak for themselves.

20. The averments of paragraph 20 reference a document in writing, the terms of which speak for themselves.

21. The averments of paragraph 21 reference a document in writing, the terms of which speak for themselves.

22. The averments of paragraph 22 reference a document in writing, the terms of which speak for themselves.

23. Admitted.

24. Admitted.

25. The averments of paragraph 25 reference a document in writing, the terms of which speak for themselves.

26. The averments of paragraph 26 reference a document in writing, the terms of which speak for themselves.

27. The averments of paragraph 27 reference a document in writing, the terms of which speak for themselves.

28. The averments of paragraph 28 reference a document in writing, the terms of which speak for themselves.

29. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 29.

30. The averments of paragraph 30 reference a document in writing, the terms of which speak for themselves. By way of further answer the Lease dated September 21, 2005, ran with the land, Karl E. Markowicz had constructive or

actual knowledge of the Lease, and thus, he took the property subject to the Lease. (App. C).

31. Admitted that after the transfer from Mrs. Markowicz, Karl E. Markowicz was the sole owner of the parcel. However, the Lease dated September 21, 2005, ran with the land; Karl E. Markowicz had constructive or actual knowledge of the Lease, and thus, he took the property subject to the Lease. (App. C).

32. The averments of paragraph 32 reference a document in writing, the terms of which speak for themselves.

33. The averments of paragraph 33 reference a document in writing, the terms of which speak for themselves.

34. The averments of paragraph 34 reference a document in writing, the terms of which speak for themselves.

35. The averments of paragraph 35 reference a document in writing, the terms of which speak for themselves.

36. The averments of paragraph 36 reference a document in writing, the terms of which speak for themselves.

37. The averments of paragraph 37 reference a document in writing, the terms of which speak for themselves.

38. Admitted.

39. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 39.

40. Objection. Plaintiff cannot produce admissible evidence to support the contention of paragraph 40. See F.R.C.P. 56(c)(2). Extrinsic evidence regarding representations or conversations prior to execution of the lease is barred from being admissible under the parol evidence rule. See Yocca, et. al. v. The Pittsburgh Steelers Sports, Inc., et. al., 578 Pa. 479, 497-98, 854 A.2d 425, 436-437 (Pa. 2004) (a party may not use parol evidence to establish fraudulent inducement of a contract). Mrs. Markowicz executed the clear and unambiguous Oil and Gas Lease, received the full benefit of the Lessees' performance thereunder, and ratified it by her conduct during the Lease term. (App. H 12-21).

41. Objection. See defendant's answer to Paragraph 40.

42. Objection. See defendant's answer to Paragraph 40.

43. Objection. See defendant's answer to Paragraph 40.

44. Denied. Mrs. Markowicz requested a copy of the Lease on December 2, 2005, and was sent a copy of it shortly thereafter by Ultra Resources. (App. H at 11-12).

45. Denied. Mrs. Markowicz signed the actual Lease document. (App. C).

46. Denied. Mrs. Markowicz had the authority to manage Karl E. Markowicz financial affairs, and to lease his one-half interest on his behalf. (App. H at 36).

47. Admitted.

48. Objection. See defendant's answer to Paragraph 40.

49. Objection. See defendant's answer to Paragraph 40.

50. Denied. Mrs. Markowicz requested a copy of the Lease on December 2, 2005, and was sent a copy of it shortly thereafter by Ultra Resources. (App. H at 11-12).

51. Admitted.

52. Denied. Mrs. Markowicz had the authority to sign Karl E. Markowicz' name on his behalf. (App. H at 36).

53. The averments of paragraph 53 reference a document in writing, the terms of which speak for themselves.

54. The averments of paragraph 54 reference a document in writing, the terms of which speak for themselves.

55. The averments of paragraph 55 reference a document in writing, the terms of which speak for themselves.

56. The averments of paragraph 56 reference a document in writing, the terms of which speak for themselves.

57. Denied. Mrs. Markowicz had the authority to sign Karl E. Markowicz' name on his behalf. (App. H at 36).

58. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 58.

59. Denied. Mrs. Markowicz managed Karl E. Markowicz' financial affairs including a limited power of attorney for Karl E. Markowicz related to Citizens & Northern Bank. Further, Karl E. Markowicz ratified Mrs. Markowicz' authority to sign on his behalf through his actions during the term of the Lease. (App. H at 23, 36) (App. G at 28-40).

60. Denied. Mrs. Markowicz managed Karl E. Markowicz's financial affairs including a limited power of attorney for Karl E. Markowicz related to Citizens & Northern Bank. Further, Karl E. Markowicz ratified Mrs. Markowicz's authority to sign on his behalf through his actions during the term of the Lease. (App. H at 23, 36) (App. G at 28-40).

61. Denied. Mrs. Markowicz signed both her and Karl E. Markowicz's names to each letter sent to the Lessees, and managed all of Karl E. Markowicz's financial affairs. (App. H at 23, 36) (App. G at 28-40).

62. Denied. Mrs. Markowicz signed both her and Karl E. Markowicz's names to each letter sent to the Lessees, and managed all of Karl E. Markowicz's financial affairs. (App. H at 23, 36) (App. G at 28-40).

63. Denied. Mrs. Markowicz signed both her and Karl E. Markowicz's names to each letter sent to the Lessees, and managed all of Karl E. Markowicz's financial affairs. (App. H at 23, 36) (App. G at 28-40).

64. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 64.

                               McCORMICK LAW FIRM

                               By:   /s/ J. David Smith
                                        J. David Smith
                                        PA 27813
                                        Attorney for Defendants

                                        835 West Fourth Street
                                        Williamsport, PA  17701
                                        (570) 326-5131
                                        (570) 601-5529 (fax)
                                        e-mail:  dsmith@mcclaw.com

# CERTIFICATE OF SERVICE

I, J. DAVID SMITH, hereby certify that a true and correct copy of the *Concise Statement of Material Facts in Response to Plaintiff's Motion for Summary Judgment,* pursuant to the Federal Rules of Civil Procedure, was electronically filed with the Court and electronically served counsel on September 4, 2012.

                              McCORMICK LAW FIRM

                              By:   /s/ J. David Smith
                                       J. David Smith
                                       PA 27813
                                       Attorney for Defendants